UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 07-CV-242-JBC

MICHAEL RAY SMITH                                                                PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

STACY SMITH, ET AL.                                                              DEFENDANTS

\*\*   \*\*   \*\*   \*\*   \*\*

Plaintiff Michael Ray Smith ("Smith") has submitted a *pro se* Complaint [Dkt. 3] along with a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [Dkt. 2]  Smith's Complaint alleges that the Defendants obtained his medical records from health care providers under the auspices of the Health Insurance Portability and Accountability Act, 42 U.S.C. § 201 *et seq*. (West 2006) ("HIPAA") without affording him the opportunity to object to the disclosure.  Smith alleges such conduct violated HIPAA and exposes the Defendants to liability under 42 U.S.C. § 1320d-2; violated his rights under the Eighth and Fourteenth Amendments to the Constitution of the United States; and constituted the torts of gross negligence, malicious prosecution and invasion of privacy under Kentucky law.

**DISCUSSION**

**A.    IN FORMA PAUPERIS APPLICATION**

Smith's motion to proceed *in forma pauperis* discloses only a very limited income, rendering payment of the $350 filing fee difficult or impossible.  Ordinarily,

this consideration alone would warrant granting pauper status to Smith. However, the Court possesses the inherent authority to deny pauper status where the claims asserted in the complaint are self-evidently frivolous. *Evans v. Tennessee Dept. of Corrections*, 514 F.2d 283, 285 (6th Cir. 1975); *Powell v. Cook Co. Jail*, 814 F. Supp. 757 (N.D. Ill. 1993) (applicant for pauper status must demonstrate both financial indigency and complaint which discloses at least one nonfrivolous claim).

The viability of Smith's claims is highly dubious. Two of the defendants in this case are attorneys representing the defendant in another civil action before the undersigned where Smith is the plaintiff. *Smith v. Kentucky Fried Chicken*, 06-426-JBC, Eastern District of Kentucky. In that case, Smith alleges that he suffered personal injuries while on the premises of the defendant, Kentucky Fried Chicken. The attorneys sought Smith's medical records in that case, asserting that Smith's medical history and condition are relevant to his personal injury claim. Once the records were sought, on July 16, 2007, Smith filed an objection to their disclosure in that case, [Dkt. 49] in the same combative tone Smith has adopted throughout that litigation. The objection was also filed in clear disregard of the Court's April 11, 2007 Scheduling Order, which directs the parties to resolve discovery disputes according to the process described therein. The defendant in that case has filed a response to Smith's objection. [Dkt. 50]

While Smith's claims are arguably frivolous, the Court will not invoke its authority to deny pauper status to Smith at this juncture. However, the Plaintiff is

cautioned that the Court will promptly deny him pauper status in future cases should he continue to bombard the Court with frivolous filings. Smith has filed eleven cases in this Court in the last five years, almost all of which were promptly dismissed as frivolous or for failure to state a claim. Such a litigious history would automatically bar Smith from obtaining pauper status if he were a prisoner, 28 U.S.C. § 1915(g), and the Court will not tolerate abuse of the judicial system by any litigant.

**B.    SCREENING**

The Court screens *in forma pauperis* complaints pursuant to 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). As Smith is appearing *pro se*, his Complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his Complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case if it determines the action (1) is frivolous or malicious, or (2) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

   1.    **HIPAA Claims**

HIPAA is designed to protect the privacy of personal medical information by limiting its disclosure, and provides for both civil and criminal penalties for violations of its requirements. 42 U.S.C. §§ 1320d-5, d-6. However, HIPAA expressly provides the authority to enforce its provisions  only to the Secretary of Health and Human

Services. *Id*. While Smith alleges that the Defendants have violated his rights under HIPAA, the Supreme Court has stressed that "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979). For a private person to have the right to sue to enforce a federal statute, generally Congress must expressly authorize a private cause of action. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Congress did not do so in the statute, and hence the terms of the statute do not provide Smith with any right to prosecute violations of HIPAA.

Even where Congress does not expressly create a private right of action, in limited circumstances such a right may be implied from the structure and scope of the statute. *Touche Ross*, 442 U.S. at 569. However, the courts reviewing HIPAA have spoken with one voice in holding that no private cause of action can be implied in favor of a private citizen to enforce its terms. *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006); *Logan v. Dept. of Veterans Affairs*, 357 F. Supp. 2d 149, 155 (D.D.C. 2004) (because HIPAA provides exclusive authority to enforce its provisions with the Department of Health and Human Services, there is no basis to imply a private cause of action); *University of Colorado Hosp. v. Denver Pub. Co.*, 340 F. Supp. 2d 1142, 1145 (D. Colo. 2004) (same; collecting cases). Because Smith has no private right of action under HIPAA, this claim must be dismissed with prejudice.

  2.     **Constitutional Claims under the Eighth and Fourteenth Amendment**

Smith also indicates his belief that the Defendants' conduct violates his rights under the Eighth and Fourteenth Amendments. Smith's Eighth Amendment claim fails as a matter of law because that amendment's prohibition against "Cruel and Unusual Punishments" applies only to those in the custody of the state after their conviction for a crime. *Ingraham v. Wright*, 430 U.S. 651, 664 (1977); *Wynn v. Morgan*, 861 F. Supp. 622, 630 (E.D. Tenn. 1994). Both of Smith's constitutional claims fail because it is readily apparent that none of the Defendants were acting "under color of state law" as required for liability to attach under 42 U.S.C. § 1983. The Defendants are private attorneys, a physician, and two hospitals, and Smith makes no allegation that any of the Defendants undertook their actions cloaked with the authority of the state. *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982) ("[T]he Fourteenth Amendment . . . applies to acts of the states, not to acts of private persons or entities."). Smith's Eighth and Fourteenth Amendment claims therefore also fail as a matter of law and must be dismissed with prejudice.

### 3. **Pendent State Law Claims**.

Where a federal district court possesses subject matter jurisdiction over one or more claims under its federal question or diversity jurisdiction under 28 U.S.C. § 1331 or 28 U.S.C. § 1332, it may exercise "supplemental" subject matter jurisdiction under 28 U.S.C. § 1367 on pendent claims over which it would otherwise lack jurisdiction. Smith's claims arising under Kentucky law -- gross negligence, malicious prosecution and invasion of privacy -- do not present a federal question, and not all, if any, of the

Defendants is of diverse citizenship with Smith.  Accordingly, it is this supplemental jurisdiction which provides the sole basis for the Court's ability to exercise subject matter jurisdiction over these claims.

However, once a federal district court has dismissed prior to trial all of the claims which provide the basis for its subject matter jurisdiction, the court has discretion to dismiss pendent state law claims without prejudice.  28 U.S.C. § 1367(c); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Smith v. Dearborn Financial Services*, 982 F.2d 976, 983 (6th Cir. 1993).  Due respect for comity with state courts and their prerogative to decide matters of state law counsel strongly against the unnecessary resolution of state matters by a federal court.  *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997); *Wainwright v. County of Oxford*, 369 F. Supp. 2d 3, 9 (D. Me. 2005).  The Court has already dismissed Smith's claims under HIPAA and Section 1983, and there is no reason to retain supplemental subject matter jurisdiction over purely state law claims.  Accordingly, Smith's claims for gross negligence, malicious prosecution and invasion of privacy will be dismissed without prejudice for lack of subject matter jurisdiction.

    **4.**    **Frivolous filings**

The conduct that Smith complains of in this action arises directly out of discovery efforts in *Smith v. Kentucky Fried Chicken*, 06-426-JBC, Eastern District of Kentucky.  The April 11, 2007 Scheduling Order entered in that case clearly

explained the appropriate course of action to resolve discovery disputes between the parties.  In addition, the Court's Memorandum Opinion and Order cautioned Smith that "[n]o one, rich or poor, is entitled to abuse the judicial process." *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981), and that the Court would not hesitate to invoke its inherent authority to sanction any litigant who acts in bad faith, vexatiously, wantonly, or for oppressive reasons.  28 U.S.C. § 1651; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).  Smith has now twice pressed the outer boundaries of the Court's patience with his conduct in this litigation; he is cautioned for the last time that further harassing or abusive conduct will result in the imposition of such sanctions as the Court finds appropriate, including the denial of pauper status in future cases or the imposition of financial penalties.

## CONCLUSION

Accordingly, the court being advised, IT IS ORDERED as follows:

(1)  The Plaintiff's motion to proceed *in forma pauperis* [Dkt. 2] is **GRANTED**.

(2) The Plaintiff's claims arising under (1) the Health Insurance Portability and Accountability Act, 42 U.S.C. § 201 *et seq*. (West 2006) ("HIPAA"); and (2) the Eighth and Fourteenth Amendments to the Constitution of the United States through 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE.**

(3)  The Plaintiff's claims under Kentucky law for the torts of gross negligence, malicious prosecution and invasion of privacy are **DISMISSED WITHOUT PREJUDICE**.

(4)  The Court certifies that any appeal would not be taken in good faith.  28

U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(5)   Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

Signed on August 10, 2007

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY